UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| V. | ) No. 21CR505 |
| TANGTANG ZHAO, | ) ) ) |
| Defendant. | ) |

**SUPPLEMENTAL MOTIONS *IN LIMINE*** 

NOW COMES, the Defendant, Tangtang Zhao, by and through his attorneys, Gal Pissetzky and Jennifer Snyder, and respectfully files the following supplemental motions *In Limine*:

In light of the government's recent filing and the fact that counsel just received the government's proposed exhibit list, counsel is seeking to file the following supplemental motion *in limine*.

I. **Motion To Bar Testimony and Evidence about the Washington Post**

In its Motion In Limine, the government suggests that it intends to introduce evidence about communications Dr. Salehizadeh, one of the government witnesses, had with a reporter from the Washington Post, as well as evidence of communication from a Washington Post reporter to Mr. Zhao. This Court should bar the government from introducing evidence that relates to the Washington Post in any manner and form. Such evidence is absolutely not relevant to the issues in this case, not relevant to Mr. Zhao's innocence or guilt, and would only unduly prejudice Mr. Zhao before the jury.

The government has the audacity to ask the court to exclude evidence relating to jury nullification, but is planning to introduce nullification evidence. As the government asserts in its

filing, "there is no fact of consequence made more or less probable with the admissibility of" evidence that the Washington Post received a tip from Dr. Salehizadeh or that Mr. Zhao was contacted and did not respond to a Washington Post reporter. Any such testimony will be offered strictly to inflame the jury's emotions and sensationalize the issues. Moreover, it is the government's intent that the jury learn that even the Washington Post, a very reputable source of news in the United States, was appalled by Mr. Zhao's action. Such evidence has no room in a criminal trial.

**II.     Motion to Bar Evidence Of eBay's Internal Policies**

In its motion to admit uncharged acts, the government asserts that after user "asianjackson" listed for sale items described as "Blank CDC Vaccination Record Card", "Authentic Blank CDC Vaccination Record Card", "or "Authentic CDC Vaccination Record Card", eBay took administrative action and removed the listings. At trial, the government will seek to introduce evidence and testimony about eBay's internal policies relating to items listed on its site. It is expected that a number of witnesses who work at eBay will be called to testify about the reasons why eBay determined administratively to remove the above listings. It is also expected that the government will seek to introduce emails that Mr. Zhao received from eBay explaining to him why eBay administratively chose to remove the listings. All such evidence should be barred.

The internal administrative reason why eBay, a private company, chose to remove the listings is not relevant to the issues at hand nor will the evidence be probative to any fact or element of the alleged crimes of Mr. Zhao. The fact that eBay made an internal administrative decision is not evidence that Mr. Zhao stole government property. In fact, if the evidence is allowed to be presented to the jury, it would unduly prejudice Mr. Zhao and violate his due process rights. The jury would immediately assume that Mr. Zhao must have stolen government property if eBay made

that determination. Therefore, any testimony or evidence about eBay's decision to remove the listings and the reasons behind its decision must be barred *in limine*.

### III. Motion to Bar Any Testimony and Evidence Relating To Walgreens Internal Investigation and Determination Relating to Mr. Zhao's Employment

In its list of exhibits, the government included an exhibit that appears to relate to Walgreens' internal investigation into the actions of Mr. Zhao as an employee. This evidence must be barred. Initially, Walgreens is a private company with internal rules and procedures. Simply because Walgreens conducted an investigation and reached conclusions does not mean that Mr. Zhao violated any criminal laws. An internal investigation is not akin to a criminal trial. But if the jury is allowed to hear testimony about Walgreens' internal investigation into Mr. Zhao and its conclusions and determinations, Mr. Zhao would be unduly prejudiced and his due process rights violated. Just like eBay's internal actions, Walgreens' internal actions have absolutely no bearing or relevance to the issues in this case.

Moreover, Walgreens internal investigation and conclusions came after the alleged crimes were concluded. Events that occurred after the alleged crimes are not relevant under any legal theory.

Respectfully Submitted,

/s/ Gal Pissetzky
Gal Pissetzky
35 E. Wacker Dr., Suite 1980
Chicago, Illinois 60601
(847)736-7756
gal@pissetzkylaw.com

## **CERTIFICATE OF SERVICE**

    The undersigned, Gal Pissetzky, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the attached **Supplemental Motion *In Limine*** was served on June 2, 2023, pursuant to the district court's ECF filers.

                                               Respectfully submitted,

                                               /s/Gal Pissetzky
                                               Gal Pissetzky