UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| V. | ) | No. 21CR505 |
| TANGTANG ZHAO, | ) ) ) | |
| Defendant. | ) | |

## MOTIONS *IN LIMINE* TO BAR OPINION TESTIMONY

NOW COMES, the Defendant, Tangtang Zhao, by and through his attorneys, Gal Pissetzky and Jennifer Snyder, and respectfully requests that this Honorable Court bar, *In Limine*, opinion testimony relating to a witness's opinion as to whether the Covid-19 vaccination record card is government property. In support, Mr. Zhao states:

Here, based on conversations with the government, it intends to elicit lay opinion testimony from certain witnesses asserting that they believed the Covid-19 vaccination record cards were government property. Any such testimony must be barred.

Under Rule 701, "if a witness is not testifying as an expert, testimony in the form of opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701. Under Rule 704, an expert opinion "is not objectionable just because it embraces an ultimate issue." Fed.R.Evid 704. For an opinion to be admissible under either rule, "the opinion must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in a manner of the oath-helpers of an earlier day."

1

Fed.R.Evid. 704 Advisory Committee Note.

More specifically, "Rule 701(b) assures against the admissibility of opinions which would merely tell the jury what result to reach. *United States v. Wantuch*, 525 F.3d 505, 513 (7th Cir. 2008)(citing to Fed.R.Evid. 704 Advisory Committee Note on 1972 Proposed Rule). "Lay opinion testimony is admissible only to help the jury or the court to understand the facts about which the witness is testifying." *Id*. "Attempts to introduce meaningless assertions which amount to little more than choosing up sides require exclusion for lack of helpfulness by Rule 701." *Id*. at 514. Here, the question of whether, in the witness's opinion, the Covid-19 vaccination record cards are property of the government demands a legal conclusion and is unhelpful to the jury under Rule 701. Any such opinion is nothing more than "a meaningless assertion which amounts to little more than choosing up sides." *Id*. Therefore, this court must bar the government from asking any of its witnesses to testify that in their opinion the Covid-19 vaccination record cards are the property of the government.

                                                Respectfully Submitted,

                                                /s/ Gal Pissetzky
                                                Gal Pissetzky
                                                35 E. Wacker Dr., Suite 1980
                                                Chicago, Illinois 60601
                                                (847)736-7756
                                                gal@pissetzkylaw.com

## CERTIFICATE OF SERVICE

    The undersigned, Gal Pissetzky, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the attached **Motion *In Limine* To Bar Opinion Testimony** was served on June 9, 2023, pursuant to the district court's ECF filers.

                                                  Respectfully submitted,

                                                  /s/Gal Pissetzky  
                                                  Gal Pissetzky