# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 21CR505 |
| TANGTANG ZHAO, | ) ) | |
| Defendant. | ) | |

## RESPONSE TO THE GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE*

NOW COMES, the Defendant, Tangtang Zhao, by and through his attorneys, Gal Pissetzky and Jennifer Snyder, and respectfully files the following response to the government's consolidated motions *In Limine:*

### A. Government's Motion to Admit All Sales Activity

In its motion to admit all sales activity relating to Mr. Zhou's eBay account, the government asks for vast admissibility irrespective of the evidence's connection to the 12 charged counts in the Indictment. Granting this request would allow for the admission of all eBay listings, sales, and chat messages between Mr. Zhao and other eBay users regarding vaccination cards, disregarding whether the listing or conversation contributed in any way to the conduct charged. Every avenue of the government's analysis fails to consider the evidence available- the sale activity from the twelve transactions actually charged in the Indictment. The government is asking the court to allow evidence that is irrelevant, misleading, and unnecessarily cumulative. The court must deny the government's request.

1

## I. All Sales Activity is not Direct Evidence

Asking for a broad and prejudicial extension outside the already admissible evidence available, the government argues that it constitutes direct evidence and points to the Seventh Circuit's decision in *United States v. Carson*, 870 F.3d 584 (7th Cir. 2017), where probative evidence of uncharged conduct was admissible. The facts in the instant case, however, bear zero resemblance to those in *Carson*. Determining the admissibility in *Carson* hinged on the integral role that the disputed evidence played for the jury to understand the crime committed. Carson was charged with four counts of sex trafficking. The court allowed uncharged evidence that depicted women being driven to sexual encounters, appearing in advertisements, and posing for provocative photographs. As the government acknowledged in its motion, in allowing the evidence, the court in *Carson* asserted that "it would be near to impossible to describe any of the operations involving the named victims without mentioning the other women." *Id*.

In contrast, here, the facts of the charged 12 counts unquestionably describe Mr. Zhao's conduct and the uncharged acts do not play any role in understanding the conduct charged. The government hand selected specific eBay transactions and chose to bring twelve counts against Mr. Zhao based on those transactions. The individual vaccination card listings, sales, and chat messages for those twelve transactions provide far more than the context necessary to paint a full picture for the jury. For trial, however, the government is seeking to introduce cumulative evidence of uncharged conduct that is not in any way direct evidence to the charged counts. The government cannot return a 12-count Indictment alleging 12 separate acts of theft, and then try to backdoor other conduct.[1]

---

[1] The government's request is more appropriate for sentencing where it might be allowed to argue the other conduct in aggravation at sentencing, if Mr. Zhao is found guilty.

The government's direct evidence must come from the 12 individual allegations in the Indictment. Evidence of separate and unrelated eBay sales to completely different and unrelated alleged buyers is not direct evidence of the charged crimes. According to the government, Mr. Zhao had a stockpile of blank vaccination record cards that he sold on eBay to different buyers. He did not sell the same card to all the buyers, and each eBay transaction was totally unique and unrelated to the other. The government cannot be allowed to prove its case by introducing evidence of uncharged conduct it believes would be more favorable to its case while having evidence of the charged 12 acts at its disposal.[2]

## II. Sales Activity is Not Admissible as Other Acts

In the alternative, the government argues that the uncharged acts are admissible under Rule 404(b) to show opportunity, intent, knowledge, and *modus operandi*. The government, however, knows that the only reason it is seeking to introduce the uncharged evidence is purely for propensity reasons. "Rule 403 balancing should take account of the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case." *Simon v. Northwestern University*, 2017 WL 467677 (N.D.Ill., 2017). Here, the extent to which the government desires to offer evidence of other acts is large, the probative value is low, and the risk of prejudice is abundantly clear.

The instant case can be viewed as most similar to *United States v. Chapman*, 765 F.3d 720 (7th Cir. 2014). In *Chapman*, the Seventh Circuit ruled that evidence of Chapman's drug trafficking should not have been admitted under Rule 404(b). Pointing to its *Gomez* decision, the

---

[2] It also appears that the government is seeking to introduce emails and eBay communications from certain alleged buyer that it does not intend to call to testify. Without the individual buyer testifying about their activities on eBay, the communications must be barred because it would lack foundation, violate the Confrontation Clause, and is hearsay.

court explained that evidence of other bad acts is inadmissible to show character or propensity, but may be admitted for another purpose "provided that the evidence is relevant under a theory that does not rely on an inference about the actor's propensity." *Chapman*, 765 F.3d at 722–23. The government in *Chapman* used a past heroin conviction to show knowledge and intent.

On appeal, the Seventh Circuit found such use problematic because the evidence was only relevant through a "paradigmatic inference about propensity"- Chapman sold heroin before, so he must have intended to do so again. *Chapman*, 765 F.3d at 726. Further, the court explained that even if relevance not relying on propensity was established, the government had failed to show how the probative value outweighed the prejudice. *Id*. "Rule 404(b) is not just concerned with the ultimate conclusion, but also with the chain of reasoning that supports the non-propensity purpose for admitting the evidence. In other words, the rule allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning." *Id*. The probative value of evidence is irrelevant if the reason for admitting the evidence is overly prejudicial. In the instant case, the government's only reason to introduce evidence of multiple uncharged acts to prove that Mr. Zhao committed theft is an attempt to show that he acted in conformity with his character. That cannot be allowed.

While the government has all the evidence it needs from the sales activity from the twelve separate transactions charged in the Indictment, its argument insists that the entirety of the sales activity is necessary context. It is not enough for the proponent of the other-act evidence simply "to point to a purpose in the 'permitted' list and assert that the other-act evidence is relevant to it." *Id*. Yet, here, the government is doing just that which is prohibited by pointing to opportunity, intent, guilt and *modus operandi* and asserting that all sales activity is relevant.

In its argument for each, the government encourages the court to allow overly redundant and cumulative evidence. Possession and opportunity to sell the cards charged in the Indictment is evidenced through the full sales activity related to these specific sales. Any additional activity outside of the charged transactions would be unnecessarily cumulative and overly prejudicial. The government does not need to prove opportunity to commit the charged offenses by introducing uncharged acts. In fact, all that the government needs to prove opportunity is evidence that Mr. Zhao was employed as a pharmacist at Walgreens and had access to the blank vaccination cards. That, coupled with evidence of the sales related to the 12 counts, are more than ample evidence to satisfy the government's opportunity theory.

The government's reliance on *Washington* is also misleading. In *Washington*, photos of a defendant with a gun were admissible because the photos were of the same single gun recovered from the scene of the crime. *United States v. Washington*, 962 F.3d 901, 906 (C.A.7 (Ill.) 2020). In admitting the other acts evidence, the court asserted, "because the evidence involved possession of the same gun, its relevance did not depend on an inference about Washington's propensity to possess firearms in general or any other forbidden inference about his character." *Id*. On the other hand, here, the admission of all sales activity, including all different listings, would not only depend on an inference about Mr. Zhao's propensity to possess vaccination cards, but also impose undue prejudice in the eyes of the jury regarding the uncharged conduct.

Further, allowing the admission of all activity in an effort to show Mr. Zhao's intent to deprive and knowledge of government property and m*odus operandi* gives no reasonable basis for admission because the 12 specified charges were all sold under similar listing descriptions on eBay. Once again, the government is attempting to backdoor evidence that would nullify the jury and be unduly prejudicial, despite having abundant and similar evidence from the charged acts.

In fact, in arguing for admission under *modus operandi,* the government is attempting to use the uncharged acts to create a pattern. Pattern evidence is propensity evidence, which is inadmissible unless the pattern shows some meaningful specificity. See *Beasley*, 809 F.2d at 1278 ("This is why 'pattern' is not listed in Rule 404(b) as an exception."). Moreover, the government's reliance on *United States v. Thomas*, 986 F.3d 723 (C.A.7 (Ind.), 2021) is misleading. The court in *Thomas* placed emphasis on temporal and geographical proximity, then weighed the probative value of admitting the evidence against the possible prejudice, finding that the jury would have convicted absent the evidence's admission. *Thomas*, 986 F.3d 723 at 732. Here, the additional sales activity provides no further context for the temporal or geographical proximity of the transactions charged in the Indictment, but the prejudice is overwhelming and risks an inflammatory verdict.

A case that closer resembles ours is *U.S. v. Miller*, 673 F.3d 688 (C.A.7 (Ill.) 2012), where the court held that the government's use of two prior convictions as *modus operandi* was improper and could only have been used by the jury to draw an impermissible propensity inference. A more analogous case to ours is *United States v. Hughes*, 06 CR 756, 2007 WL 3334207 (N.D. Ill. Nov. 9, 2007). There, the court examined uncharged conduct that took place before and concurrently with the charged conduct, ruling that "the danger of unfair prejudice substantially outweighed the incremental probative value of the uncharged conduct." *Hughes*, 2007 WL 3334207 at *3. The court in *Hughes* granted Hughes' motion to exclude uncharged acts by applying the long standing test reiterated in *United States v. Mallett*, 496 F.3d 798, 801 (7th Cir.2007): "(1) the evidence must be directed toward establishing a matter in issue other than the defendant's propensity to commit the charged offense; (2) the evidence must show that the uncharged conduct is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence must be sufficient to

support a jury finding that the defendant committed the similar act; and (4) the danger of unfair prejudice must not outweigh the evidence's probative value."

The *Hughes* court found that while the prosecution satisfied the first three prongs, the undue prejudice of the admission of uncharged conduct substantially outweighed the probative value when presented to a jury. The illustration used to emphasize the potential prejudice bears a striking resemblance to the circumstances in the instant case:

> "Consider the prospect that a juror, having been confronted with the evidence of Hughes' eight successive bankruptcy filings charged in Paragraphs 6 through 13 of Count One of the Indictment, still harbors a doubt as to the existence of the required criminal intent on Hughes' part - but that juror then has that doubt dispelled by the admitted evidence as to the uncharged conduct at issue here. Can there be any serious question that there is a major risk (if not a near certainty) that the uncharged conduct, although marginally probative as to intent, has really tipped the scales because of propensity." *Hughes*, 2007 WL 3334207, at *3.

This court must consider the same here. Can there be a serious question that a juror, having been confronted with evidence of Mr. Zhao's twelve separate charged counts, is still harboring doubts as to the existence of the required criminal intent on Mr. Zhao's part, but having their doubt dispelled by the overly prejudicial evidence of all sales activity. The danger of misleading and nullifying the jury is high while the probative value of the evidence is very low.

**B. Gov Motion to Admit Testimony of Witness 1**

Witness 1 has zero connection to or knowledge of the charged acts in the Indictment. The witness's purchase of a blank vaccination card and testimony are not directly or indirectly relevant to establish any component of the conduct charged, thus it is not direct evidence. As the

government seemed to anticipate in its motion, the testimony would have to constitute "other acts" in order to be admissible. As the Seventh Circuit in *Gomez* explained, "Rule 404(b) excludes relevant evidence of other crimes, wrongs, or acts if the purpose is to show a person's propensity to behave in a certain way." 765 F.3d 720 (2014) at 726. As argued above, Witness 1's testimony adds nothing substantive to the allegations charged in the Indictment.

Although the transaction that Witness 1 made is not charged in the indictment, the government claims that Witness 1 would testify to the "specific sales listings," "purchase process," and the delivery of the item. In a confusing circular argument, it is suggested that Witness 1's testimony would "provide mirrors" for all sales activities, instead of calling the buyers who purchased the cards charged in the Indictment. In other words, the government is seeking to use Witness 1 as its witness to prove the charged purchases, instead of calling witnesses that actually bought the cards.

The government also argues Witness 1's testimony is admissible as other acts because it shows opportunity, intent, knowledge, and *modus operandi*. Witness 1 would only have knowledge of his singular transaction and no personal knowledge of Mr. Zhao's sales activity. Thus, the governments reliance on its earlier argument fails to explain how Witness 1's proposed testimony would be relevant to opportunity, intent, knowledge, and *modus operandi*.

Characterizing Witness 1 as a missing link and allowing him to testify about his contact with the Washington Post is a clear attempt to sensationalize the issue at hand and to inflame the passions of the jury. Without knowledge of the sales activity, Witness 1 cannot provide any evidence or testimony that would "clearly go to the defendant's consciousness of guilt." The only purpose that Witness 1's testimony would serve is for jury nullification and prejudice. The court in *Chapman* emphasized caution in admitting evidence of other-acts, asserting that "other-act

evidence is too often admitted almost automatically, without consideration of the legitimacy of the purpose for which the evidence is to be used and the need for it." *Chapman*, 765 F.3d at 722–23 (quoting *United States v Miller*, 673 F.3d 688, 692 (7th Cir.2012)). The government has the opportunity to call any of the individuals from the twelve transactions it charged. All of the possible contributions that the government argues Witness 1's testimony would make could be accomplished by the government utilizing a witness directly involved in the conduct charged. Allowing Witness 1's testimony would be not only inconsistent with this court's judicial principles, but also grossly prejudicial compared to purported probative value.

C. **Government's Motion to Exclude Evidence Relating to Jury Nullification**

It is interesting that the government is asking the court to exclude evidence relating to jury nullification, and in the same breath is also asking to admit evidence to nullify and inflame the jury. What's good for the goose is good for the gander. If the government does not wish for Mr. Zhao to introduce irrelevant evidence, it should also be barred from introducing the testimony of Witness 1 – a doctor that purchased the blank vaccination card only to conduct his own investigation and contact the Washington Post because he felt that selling blank cards was wrong – and evidence and messages relating to a Washington Post reporter and the article he wrote.

Moreover, based on review of the government's proposed exhibit list and interview reports of its witnesses, it is believed that the government would attempt to ask its witnesses as to their opinion of whether the witness believed the Covid-19 vaccination record card was government property. This court should bar this line of questioning because what a witness thinks or believes is not relevant. More importantly, the question whether the cards were government property is an element the government must prove beyond a reasonable doubt. The government cannot ask a

witness the ultimate question it must prove and nullify the jury by preparing its witness to give the answer it sought.

Respectfully Submitted,

/s/ Gal Pissetzky
Gal Pissetzky
35 E. Wacker Dr., Suite 1980
Chicago, Illinois 60601
(847)736-7756
gal@pissetzkylaw.com

# CERTIFICATE OF SERVICE

The undersigned, Gal Pissetzky, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the attached **Response to the Government's Consolidated Motions *In Limine*** was served on June 13, 2023, pursuant to the district court's ECF filers.

Respectfully submitted,

/s/Gal Pissetzky
Gal Pissetzky