**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TANGTANG ZHAO | No. 21 CR 505<br><br>Judge Manish S. Shah |

**ORDER**

Defendant's motion for judgment of acquittal or a new trial [76] is denied.

**STATEMENT**

A jury convicted defendant Tangtang Zhao of theft or conversion of government property in violation of 18 U.S.C. § 641. The prosecution's theory was that Zhao got his hands on blank COVID-19 vaccination-record cards from a supply at the Walgreens pharmacy where he worked, and sold those cards over eBay. The cards had been procured and purchased by the government and distributed to Walgreens, as part of ancillary kits for the pharmacy's use in distributing the COVID-19 vaccine. Among Zhao's theories of defense was that the blank cards were not government property. Zhao now moves for a judgment of acquittal or, in the alternative, a new trial.

Under Federal Rule of Criminal Procedure 29, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Courts review the sufficiency of the evidence by construing the evidence in the light most favorable to the government, and the jury's verdict should be affirmed if any rational trier of fact could have found the offense's elements satisfied beyond a reasonable doubt. *United States v. Godinez*, 7 F.4th 628, 638 (7th Cir. 2021). Insufficient evidence under Rule 29 exists "only where the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Khan*, 937 F.3d 1042, 1055 (7th Cir. 2019). Rule 33 authorizes the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. The "interests of justice" apply to "a variety of situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Hamdan*, 910 F.3d 351, 357 (7th Cir. 2018) (quotation and citation omitted). A court may grant a new trial if erroneous evidentiary rulings had a substantial influence over the jury and the verdict was inconsistent with substantial justice. *United States v. Owens*, 424 F.3d 649, 653 (7th

Cir. 2005); *see also United States v. Maclin*, 915 F.3d 440, 444 (7th Cir. 2019) (Rule 33 requires a new trial "only if there is a reasonable possibility that the trial error had a prejudicial effect on the jury's verdict."). "In order to receive a new trial based on erroneous [jury] instructions, a defendant must show both that the instructions did not adequately state the law and that the error was prejudicial to [him] because the jury was likely to be confused or misled." *United States v. White*, 443 F.3d 582, 587 (7th Cir. 2006) (quotation and citation omitted).

Zhao primarily argues that the evidence failed to prove that the blank cards were government property. Viewed through the lens of Rule 29, the evidence was sufficient. The government bought the cards and delivered them to pharmacies as part of kits that supplemented the vaccine (also purchased by the government). The government prohibited vaccination providers from selling the ancillary materials. Trial Tr. 275–76, 281–82, 285–86. Such a prohibition was strong evidence that the items belonged to the government. Later (after the charged conduct in this case), the CDC said that the cards remained government property until the vaccine was administered to the recipient. Trial Tr. 291–92, 293–94. Although contested at trial, a jury could reasonably infer that this later announcement was a correct statement of the cards' status earlier in the vaccine-rollout program. In addition, there was evidence that the government restricted how Walgreens could use the cards; it had to issue completed cards to the vaccine recipient or legal representative. Trial Tr. 281. A reasonable inference from this condition is that Walgreens was prohibited from handing out blank cards—another sign that the cards were not Walgreens's property and remained subject to government control. Finally, there was evidence that the government had the power to conduct quality assurance visits to supervise compliance with the vaccine rollout, which included an option to return surplus cards to the government. Trial Tr. 309–10. This was enough evidence to prove beyond a reasonable doubt that the cards were government property. A jury could have concluded otherwise—that the government abandoned the cards upon delivery to the pharmacy, or had too little control over the cards at that point—but a jury would not have been compelled to reach that finding. The Rule 29 motion is denied.

Under Rule 33, based on my independent assessment of the evidence, I conclude that the verdict was not so contrary to the weight of the evidence that a new trial is required. *See United States v. Washington*, 184 F.3d 653, 658 (7th Cir. 1999) (explaining different standards under Rules 29 and 33). The government's supervision and control over the cards was disputed, but credible evidence supported a finding that the cards belonged to the government until they were filled out accurately and issued with a properly administered dose of the vaccine. This was not among "the most extreme cases" that demand relief under Rule 33. *See United States v. Coscia*, 4 F.4th 454, 465 (7th Cir. 2021).

Zhao waived any complaint about the jury instruction defining government property. Trial Tr. 842–43. The defense proposed "sufficient supervision and control" without explication and agreed that the jury would be left to decide how much supervision and control was "sufficient." Trial Tr. 704, 709; *see United States v. Kristofic*, 847 F.2d 1295, 1298 (7th Cir. 1988) ("If the federal government maintains sufficient supervision and control over the property, we have held that the funds remain government property for purposes of federal prosecution under section 641."). That was a waiver. *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996); *United States v. Caguana*, 884 F.3d 681, 690 (7th Cir. 2018). In any event, a multi-factor test derived from cases about government funds (not tangible items) would not have meaningfully assisted this jury. *See United States v. Scott*, 784 F.2d 787, 790 (7th Cir. 1986) (describing case-specific evidence of funding programs, auditing, and rights to demand repayment); *United States v. Osborne*, 886 F.3d 604, 612 (6th Cir. 2018) (listing factors that courts apply and noting that relative importance or weight of the various factors has not been settled).[1] Here, both sides could argue about the sufficiency of the government's control over the blank cards after they were delivered to Walgreens' loading dock. There was no instructional error.

The prosecutor's use of the word "probably" in rebuttal argument did not misstate the burden of proof and was not improper. The defense did not object to the comment, Trial Tr. 832, so any review is for plain error. *United States v. Guzman-Cordoba*, 988 F.3d 391, 406 (7th Cir. 2021). Earlier, the prosecutor used the word "arguably" when describing the sufficiency of supervision and control the government had over the cards. Trial Tr. 831 ("Was that good enough? Arguably, sure."). The prosecutor also said the supervision and control exercised by the CDC was "clear enough" and "good enough." Trial Tr. 831–32. So when the prosecutor said, "Was it clear before? Probably, but CDC needed to make it explicitly clear …," that was not a comment on the burden of proof, but another colloquial reference to the adequacy of supervision and control that existed at the time of the charged conduct. The comment was an effort to argue that the CDC's later statement that the cards were government property was not a concession that anything had changed. The jury was repeatedly instructed that the burden of proof was beyond a reasonable doubt, so there was no risk of prejudice from the prosecutor's passing reference to probability.

I allowed witnesses from the Department of Health and Human Services and McKesson Corporation with personal knowledge of the government procurement process to testify that the vaccination-record cards were government property when they were shipped to Walgreens. *See* [52] at 19; Trial Tr. 347, 354–57, 388–91, 393–

---

[1] *See also Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 766 (7th Cir. 2013) (illustrative multifactor tests without weighted factors can create an illusion of objectivity and predictability, but are indefinite and open-ended).

96.[2] Zhao argues that this was improper opinion testimony about an ultimate issue. Not so. First, these two witnesses did not testify that the cards were government property *after* delivery to Walgreens, only that they were government property up until delivery. That was factual testimony within the scope of their personal knowledge as participants in the procurement process. Second, a statement that the cards were government property would not be improper opinion. An opinion is not objectionable because it embraces an ultimate issue. Fed. R. Evid. 704(a). And the witnesses were using the term "property" in the factual sense of their personal experience working in government procurement. The word choice was synonymous with saying the cards "belonged to the government" or "they were the government's cards"—testimony these witnesses were competent to give. Most importantly, since the jury was instructed on the legal definition of government property as proposed by the defense and the lawyers had ample room to argue about the lack of supervision and control over the cards after pharmacy delivery, there was no harmful prejudice to defendant from the testimony.

Zhao argues that two jury instructions implied that a theft of cards had occurred. [76] at 10. The defense did not raise this objection at the jury instruction conference. Instead, the defense objected to Seventh Circuit Pattern Criminal Jury Instruction 4.14 as applicable only in cases involving receipt of stolen property. Trial Tr. 710–11. I overruled that objection because defendant's knowledge that the property did not belong to him was an element of the offense and the instruction was applicable to the evidence at trial. *See* Trial Tr. 711–12; [70] at 16 ("The defendant stole, *or* knowingly converted to his own use, *or*, without authority, sold or conveyed that thing of value.") (emphasis added). The instructions, read in their entirety and as a whole, never presupposed that a theft necessarily occurred, and required the government to prove the elements of the offense beyond a reasonable doubt. [70] at 16, 20. The instructions were correct statements of the law and do not provide a basis for a new trial.

Zhao lists 8 other evidentiary or instructional errors but offers no developed argument. [76] at 11–13, ¶¶ 7–14. He simply states that I abused my discretion in the rulings, describes my rulings without explaining how those rulings were wrong, and offers no additional argument on those issues in his reply. *See* [78]. Undeveloped arguments are waived. *See United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)). I adhere to my rulings and reasoning on these issues as explained during pretrial conferences, the jury instruction conference, and at trial.

---

[2] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

Defendant's motion [76] is denied.

ENTER:

Date:   November 21, 2023

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
Manish S. Shah
U.S. District Judge